**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000393
03-DEC-2025
07:49 AM
Dkt. 78 SO**

NO. CAAP-23-0000393

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2006-2 ASSET-BACKED CERTIFICATES
SERIES 2006-2, Plaintiff-Appellee, v. JONATHAN BEHRENDT,
Defendant/Cross-Claimant-Appellant; ASSOCIATION OF APARTMENT
OWNERS OF WAIALAE GARDENS, Defendant/Cross-Claim Defendant-
Appellee; SAND CANYON CORPORATION, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10, DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITES 1-10; and DOE GOVERNMENTAL UNITS
1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC151000407)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Jonathan **Behrendt** appeals from the *Judgment* on *Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure* for **Wells Fargo** Bank, N.A. entered by the Circuit Court of the First Circuit on May 15, 2023.[1]  We affirm.

Wells Fargo sued Behrendt and others to foreclose a mortgage on real property.  The Circuit Court granted Wells Fargo's motion for summary judgment and entered a foreclosure judgment.  Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37,

---

[1]  The Honorable Jeannette H. Castagnetti presided.

40, 414 P.3d 89, 92 (2018). Behrendt appealed. Relevant to this appeal, the supreme court held that Wells Fargo did not show it was entitled to enforce the note when its complaint was filed.[2] Id. at 46, 414 P.3d at 98. It vacated the foreclosure judgment and remanded for further proceedings.

On remand, Wells Fargo again moved for summary judgment. An order granting the motion and the Judgment were entered on May 15, 2023. This appeal followed.

Behrendt states three points of error, which we have reordered: (1) Wells Fargo did not prove through admissible evidence it had the note on the date its complaint was filed; (2) the Circuit Court erred by concluding that Wells Fargo had standing to enforce the note; and (3) Juliana **Thurab**, whose declaration authenticated documents supporting Wells Fargo's motion for summary judgment, was not a qualified witness.

We review a grant of summary judgment de novo. Behrendt, 142 Hawaiʻi at 41, 414 P.3d at 93. We review conclusions of law de novo under the *right/wrong* standard. Id. at 40-41, 414 P.3d at 92-93. A mixed finding of fact and conclusion of law is reviewed under the *clearly erroneous* standard because it depends on the facts and circumstances of the case. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A mixed finding and conclusion supported by substantial evidence and correctly applying the law will not be overturned. Id.

**(1)** A foreclosing plaintiff must establish its standing to enforce the note when the complaint was filed. Behrendt, 142 Hawaiʻi at 41, 414 P.3d at 93.

Wells Fargo's complaint was filed on March 9, 2015. Wells Fargo's counsel submitted a declaration stating he received

---

[2]     Wells Fargo had argued "its possession of the Note at the time the action was initiated is in turn proven by the identical copy of the Note attached to the complaint." Behrendt, 142 Hawaiʻi at 44, 414 P.3d at 96.

the original note and allonges[3] on November 13, 2014, giving the UPS tracking number.  He stated he is familiar with his law firm's case management and record keeping systems and operations.[4]  He authenticated his own business records showing receipt of the original note on November 13, 2014, reflecting the UPS tracking number.  He stated he reviewed the original note and allonges stored at his office on August 29, 2022.  He authenticated the copy of the note attached as Exhibit 2 to Wells Fargo's motion for summary judgment, filed on September 2, 2022.

Wells Fargo submitted evidence it was the holder of the note when its complaint was filed and when its motion for summary judgment was filed.  The burden then shifted to Behrendt to offer "evidence setting forth specific facts showing that there is a genuine issue as to whether the plaintiff actually possessed the subject note at the time it filed suit."  U.S. Bank Tr., N.A. v. Verhagen, 149 Hawai'i 315, 328, 489 P.3d 419, 432 (2021) (quotation marks omitted).

Behrendt offered no new evidence.  He instead argued that Wells Fargo didn't show the allonges were affixed to the note consistent with Hawaii Revised Statutes § 490:3-204(a) ("For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.").

In reply, Wells Fargo's counsel submitted another declaration stating he examined the original note, and "the Note, and three Allonges are firmly affixed by a staple as one set of documents."  On this record, we conclude there was no genuine issue that Wells Fargo was entitled to enforce the note on the date it filed its foreclosure complaint.

---

[3]     An allonge is a "paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  Behrendt, 142 Hawai'i at 39 n.1, 414 P.3d at 91 n.1.

[4]     He is thus a "qualified witness" to authenticate his law firm's own business records.  U.S. Bank Tr., N.A. v. Verhagen, 149 Hawai'i 315, 321-22, 489 P.3d 419, 425-26 (2021).

**(2)** The Circuit Court concluded that Wells Fargo established its standing to enforce the Note as required by the [c]ase of <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), and thereby to prosecute the foreclosure action. This was a mixed finding and conclusion. It was supported by uncontroverted evidence in the record and was not clearly erroneous.

**(3)** Behrendt contends that Thurab was not a "qualified witness" to authenticate the business records of Wells Fargo's loan servicing agent, **PHH** Mortgage Corporation. We discuss this point last because it does not implicate authentication of the note; the note was authenticated by the declarations of Wells Fargo's counsel discussed above.

It does, however, bear upon admissibility of the records on which Wells Fargo relied to establish the borrower's default and its entitlement to foreclose.

> Incorporated records are admissible under [Hawaii Rules of Evidence] Rule 803(b)(6) when a ***custodian or qualified witness*** testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] the circumstances otherwise indicate the trustworthiness of the document.

<u>Verhagen</u>, 149 Hawaiʻi at 325-26, 489 P.3d at 429-30 (emphasis added) (quoting <u>Behrendt</u>, 142 Hawaiʻi at 45, 414 P.3d at 97).

Thurab did not have to show she was a "qualified witness" because she was "custodian of PHH's records." Her declaration established that PHH incorporated the records of the prior loan servicer, **Ocwen** Loan Servicing, LLC, and kept them in the ordinary course of PHH's business. It also stated that PHH "validated [Ocwen's records] in many ways, including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the Loan by Prior Servicer." That testimony established circumstances indicating

the trustworthiness of the incorporated records.  Verhagen, 149 Hawaiʻi at 326, 489 P.3d at 430.

Behrendt argues that Thurab's declaration did not mention another prior loan servicer, **American Home** Mortgage Servicing, Inc., which entered into a Security Retention Agreement with the borrower in 2011.  PHH became the loan servicer in 2019.  That, contends Behrendt, shows that PHH failed to review all prior loan servicer's records.

Verhagen contains no such requirement; the current servicer only has to show circumstances indicating trustworthiness of the documents it incorporated from the previous servicer.  Thurab's declaration in fact authenticates American Home's Security Retention Agreement as Exhibit 9 to Wells Fargo's motion for summary judgment.  That was an additional circumstance indicating trustworthiness of the documents PHH incorporated from Ocwen, which included documents Ocwen incorporated from American Home.

The May 15, 2023 *Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure* is affirmed.

DATED: Honolulu, Hawaiʻi, December 3, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendant/Cross-
Claimant-Appellant
Jonathan Behrendt.

David A. Nakashima,
Jade Lynne Ching,
Michelle N. Comeau,
Ryan B. Kasten,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge